UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DALE P. PREY,**

    **Plaintiff,**

                                  Civil Action 2:08-cv-287
**vs.**                                    Judge James L. Graham
                                  Magistrate Judge E.A. Preston Deavers

**TAMMY R. KRUSE,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

    This matter is before the Court for consideration of Defendant Tammy Kruse's Motion for Summary Judgment (Doc. 75), which she filed on April 12, 2010. For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion.

**I. BACKGROUND**

    Plaintiff's Amended Complaint raises various allegations against Defendant Tammy Kruse (hereinafter "Defendant") arising out of the relationship that existed between the two individuals until February 2007.[1] On March 29, 2010, the Court issued an Order granting Defendant's April 3, 2009 motion for summary judgment as to all of Plaintiff's remaining claims with the exception of one unjust enrichment claim.

    The sole issue remaining in this case, Plaintiff's unjust enrichment claim, involves the

---

[1] The Court gave a more detailed description of the allegations in the Amended Complaint in its March 29, 2010 Order. (Doc. 73 at 2–5.)

sale of property located on Oak Grove Avenue in Steubenville, Ohio (hereinafter "the Oak Grove Property"). In his Amended Complaint,[2] Plaintiff contends that he sold the Oak Grove Property to Defendant "at a steeply discounted rate." (Am. Compl. 12.) Within his calculation of damages, Plaintiff maintains that the value of the Oak Grove Property, including the value of remodeling and upgrades, was $27,100. (*Id.* at 16.) Plaintiff further asserts that he transferred the property to Defendant for $12,000. (*Id.*)

In its March 29, 2010 Order, the Court found that Plaintiff, as a matter of pleading, had stated an unjust enrichment claim against Defendant with regard to the Oak Grove Property. (Doc. 73 at 16–17.) Because neither party offered any evidence or argument concerning this unjust enrichment claim, the Court denied summary judgment on this claim without prejudice. (*Id.* at 17.)

Defendant filed her Motion for Summary Judgment on April 12, 2010. Defendant maintains, through a sworn affidavit, that she purchased the Oak Grove Property from Plaintiff for $12,000, but that she offered to sell Plaintiff the Oak Grove Property for the same $12,000 price after she left Plaintiff and married Dr. Kruse. (Def.'s Aff. ¶¶ 2, 5.) Defendant attached the sale offer, which she made through her attorney, to her affadavit. (Def.'s Aff. ¶ 6, Ex. 1 at 3–4.) Defendant avers that Plaintiff did not respond to the offer. (Def.'s Aff. ¶ 7.) Defendant further asserts that, without removing the renovations or fixtures that Plaintiff had made and placed on the property, she sold the Oak Grove Property to Rosa Brewer for $11,000. (Def.'s Aff. ¶¶ 9–10.)

Based on these factual assertions, Defendant maintains that she is entitled to summary

---

[2] The paragraphs in the Amended Complaint are not numbered.

judgment on Plaintiff's unjust enrichment claim. In particular, Defendant asserts that she gained no benefit because she sold the Oak Grove Property at a lower price than she purchased it. (Mot. Summ. J. 9.) Additionally, Defendant contends that Plaintiff had various motivations for selling the Oak Grove Property at the $12,000 price, including to gain cash for improvements to another property and to protect the Oak Grove Property from attachment in a lawsuit.[3] (*Id.*) Finally, Defendant contends that her actions were equitable because she offered to sell Plaintiff the Oak Grove Property at the same price at which she had purchased it.[4] (*Id.* at 10.)

On July 20, 2010 the Court filed an Order directing Plaintiff to file a response to Defendant's Motion for Summary Judgment by August 3, 2010. (Doc. 80.) On August 2, 2010, Plaintiff responded to the Court's order. In his Response, Plaintiff does not challenge the factual assertions raised in Defendant's Motion for Summary Judgement, and instead indicates that he had not known earlier that Defendant sold the Oak Grove Property for a loss. (Pl.'s Resp. 4.) Plaintiff further notes that he does not wish to delay a final decision on the unjust enrichment issue. (*Id.*)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), the Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[3] Defendant does not actually concede that the Oak Grove Property was worth more than the $12,000 sale price. (*See* Mot. Summ. J. 9.)

[4] Defendant raises other issues with Plaintiff's unjust enrichment claim. Nevertheless, based on the Court's analysis, and Plaintiff's Response, a review of Defendant's additional bases for summary judgment on Plaintiff's unjust enrichment claim is unnecessary.

matter of law." Fed. R. Civ. P. 56(c). When applying this standard the " 'mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.' " *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)). An issue of material fact exists when a " 'reasonable jury could return a verdict for the nonmoving party.' " *Travelers Property Cas. Co. of America v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010) (quoting *Anderson*, 477 U.S. at 248).

In a motion for summary judgment the moving party "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In determining whether a moving party has met its burden, "[t]he evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007).

If the moving party satisfies its burden, and the Court has provided adequate time for discovery, "the nonmoving party 'must present significant probative evidence' to demonstrate that 'there is [more than] some metaphysical doubt as to the material facts.' " *Longaberger*, 586 F.3d at 465 (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993)). In other terms, "[t]he nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399 (6th Cir. 2010) (citing *Anderson*, 477 U.S. at 252). The Federal Rules of Civil Procedure further provide:

4

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

### III. LEGAL ANALYSIS

Unjust enrichment is a quasi-contractual claim based on equitable principles. *Bickham v. Standley*, 183 Ohio App. 3d 422, 428 (2009). Under Ohio law, unjust enrichment requires a plaintiff to establish "(1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Jones v. Jones*, 179 Ohio App. 3d 618, 629 (2008) (internal quotations omitted). "Recovery under unjust enrichment is designed to compensate the plaintiff for the benefit he has conferred upon another, not to compensate him for a loss suffered." *Id.* (citing *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954)).

In this case, based on Defendant's uncontested factual assertions, Defendant is entitled to judgment as a matter of law. Even assuming that the Oak Grove Property was worth the amount that the Amended Complaint alleges, Defendant did not retain any benefit from the sale. After ending her relationship with Plaintiff, Defendant attempted to sell the Oak Grove Property back to Plaintiff at the same price at which she purchased it. When Plaintiff did not accept her offer, Defendant sold the property for a $1,000 loss. Any recovery for unjust enrichment would be based on the benefit Plaintiff conferred, rather than his actual loss. Because Defendant did not actually receive a benefit from this transfer of property, Plaintiff's unjust enrichment claim fails

as a matter of law.

Additionally, even if Defendant had not sold the property at a loss, for an unjust enrichment claim to succeed, her retention of any benefit must still be unjust. After she separated from Plaintiff, Defendant maintains that she attempted to sell Plaintiff the Oak Grove Property for $12,000. This offer was made in writing, with Defendant's lawyer presenting the offer to Plaintiff. Plaintiff has offered no evidence contradicting Defendant's assertions. Under these circumstances, Defendant justifiably retained the property, even if she had benefitted from its subsequent sale.

## IV.  CONCLUSION

Based on the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion for Summary Judgment (Doc. 75).

## V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

     If the parties do not wish to object to the Report and Recommendation, they may expedite review by submitting notice to the Court waiving their right to object.


August 19, 2010                                                       /s/ *Elizabeth A. Preston Deavers*
                                                                         Elizabeth A. Preston Deavers
                                                                         United States Magistrate Judge