UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DALE P. PREY,**

    **Plaintiff,**

                                        Civil Action 2:08-cv-287
**v.**                                           Judge James L. Graham
                                        Magistrate Judge E.A. Preston Deavers

**TAMMY R. KRUSE,** *et al.***,**

    **Defendants.**

## ORDER

      This matter is before the Court for consideration of Plaintiff's Objections (Doc. 90) to the Magistrate Judge's August 19, 2010 Report and Recommendation (Doc. 85). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation.

      In his Amended Complaint, Plaintiff brings various claims against Defendants Tammy Kruse and Robert Kruse. These claims involve the personal relationship between Plaintiff and Tammy Kruse, which existed until February 2007, as well as the relationship between the two Defendants. The Court granted summary judgment in favor of Defendants as to all Plaintiffs' claims on March 29, 2010, except for an unjust enrichment claim Plaintiff brought against Defendant Tammy Kruse involving the sale of property in Stubenville Ohio (the "Oak Grove Property").

      The Magistrate Judge's analysis in her Report and Recommendation was limited to the sole issue of the merits of Plaintiff's unjust enrichment claim. She recommended that the Court

grant Defendant's Motion for Summary Judgment. The Magistrate Judge's primary justification was as follows:

> In this case, based on Defendant's uncontested factual assertions, Defendant is entitled to judgment as a matter of law. Even assuming that the Oak Grove Property was worth the amount that the Amended Complaint alleges, Defendant did not retain any benefit from the sale. After ending her relationship with Plaintiff, Defendant attempted to sell the Oak Grove Property back to Plaintiff at the same price at which she purchased it. When Plaintiff did not accept her offer, Defendant sold the property for a $1,000 loss. Any recovery for unjust enrichment would be based on the benefit Plaintiff conferred, rather than his actual loss. Because Defendant did not actually receive a benefit from this transfer of property, Plaintiff's unjust enrichment claim fails as a matter of law.

(Report and Recommendation 5–6.) The Magistrate Judge also provided, in the alternative:

> Additionally, even if Defendant had not sold the property at a loss, for an unjust enrichment claim to succeed, her retention of any benefit must still be unjust. After she separated from Plaintiff, Defendant maintains that she attempted to sell Plaintiff the Oak Grove Property for $12,000. This offer was made in writing, with Defendant's lawyer presenting the offer to Plaintiff. Plaintiff has offered no evidence contradicting Defendant's assertions. Under these circumstances, Defendant justifiably retained the property, even if she had benefitted from its subsequent sale.

(Report and Recommendation 6.)

In responding to the Report and Recommendation, Plaintiff "does not contest [the Magistrate Judge's] conclusion that Defendant sold the Oak Grove property for less than what she had paid Plaintiff for the property, which should result in the Court granting [] Defendant's motion." (Pl.'s Objections 1.) Nevertheless, out of caution, Plaintiff objects to preserve two issues for review on appeal. First, Plaintiff maintains that the Court did not give him adequate time to engage in discovery. Second, Plaintiff contends, with regard to the Magistrate Judge's alternative finding, that Defendant Tammy Kruse would not have been justified in retaining the property and selling it for profit, regardless of her sales offer, because of the other actions of Defendants in this case. Plaintiff concedes that both of these issues relate to previously

considered matters.

Upon *de novo* review, the Court finds Plaintiff's objections unavailing. The issue of discovery was not before the Magistrate Judge, as this Court denied Plaintiff's discovery motion in its previous order. (Doc. 73 at 1–2.) The Court finds it unnecessary to revisit the issue. The Court also finds it unnecessary to address Plaintiff's argument regarding the Defendant's offer to sell the Oak Grove Property. The Magistrate Judge's primary justification for her recommendation was that Defendant presented uncontested evidence that she sold the Oak Grove Property for a loss and, therefore, did not retain any benefit from the sale of the property. Because Plaintiff does not object to this portion of the Report and Recommendation, the Court finds that his unjust enrichment claim fails, and there is no need to address the Magistrate Judge's alternative justification.

Accordingly, the Court **OVERRULES** Plaintiff's Objections (Doc. 90) and **ADOPTS** the Report and Recommendation (Doc. 85).

**It is so ORDERED.**

> s/ James L. Graham
> JAMES L. GRAHAM
> United States District Judge

**DATE**: September 23, 2010